# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PRAFULKUMAR PATEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:13-CV-897 CAS |
| v. ) | |
| ) | |
| JANET NAPOLITANO, Secretary of ) | |
| Department of Homeland Security, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' Motion to Dismiss Due to Mootness. The motion asserts that this matter should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, on the basis of mootness. Plaintiff has not responded to the motion and the time to do so has passed. For the following reasons, the motion will be granted.

Plaintiff Prafulkumar Patel ("Mr. Patel") filed a Complaint for Mandamus seeking an order from this Court compelling the defendants to adjudicate a Petition to Remove Conditions on Residence (Form I-751), that he had filed on or about February 17, 2010. Defendants' motion to dismiss states that Mr. Patel's Form I-751 Petition to Remove Conditions on Residence was adjudicated and denied by the United States Citizenship and Immigration Services (USCIS) on June 28, 2013, and as a result the Court is without subject matter jurisdiction over the Complaint filed by Mr. Patel, as the USCIS's action renders this lawsuit moot. Attached to defendants' motion is a copy of the USCIS Notice of Decision.

"Article III of our Constitution contains a cases and controversies clause that prohibits courts from hearing claims that are moot. 'When, during the course of litigation, the issues presented in

a case lose their life because of the passage of time or change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot' and cannot be heard by a court. Ali v. Cangemi, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (citation and quotation marks omitted)." Life Investors Ins. Co. of Am. v. Federal City Region, Inc., 687 F.3d 1117, 1121 (8th Cir. 2012). Where an event occurs while a case is pending that makes it impossible for the court to grant "any effectual relief whatever to a prevailing party," the case must be dismissed for lack of subject matter jurisdiction. Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal quotation marks and quoted case omitted); see Arkansas AFL-CIO v. F.C.C., 11 F.3d 1430, 1435 (8th Cir. 1993) (en banc) (mootness acts as a jurisdictional bar).

The action taken by the USCIS in ruling on Mr. Patel's Form I-751 Petition to Remove Conditions on Residence makes it impossible for this Court to grant Mr. Patel "any effectual relief" on his Complaint for Mandamus to force the USCIS to act, and therefore this matter must be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss Due to Mootness is **GRANTED**.  [Doc. 3]

An appropriate Order of Dismissal will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  15th  day of August, 2013.